NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KAMERON TEEL, | : |
| Plaintiff, | : |
| v. | : Civil No. 17-02253 (RBK/AMD) |
|  | : **OPINION** |
| SERGEANT ELIASEN, BOROUGH OF GLASSBORO, *et. al*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge

This matter arises from defendants' Borough of Glassboro, Sergeant Daniel T. Eliasen, Dominic Visceglia, Robert Highly, and Alex Fanfarillo ("Defendants") motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 27). For the reasons set forth below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2016, Kameron Teel ("Plaintiff") was either riding or walking his bicycle in New Street Park, in Glassboro Borough. Pl.'s Am. Compl. ¶¶ 13–14. At approximately 9:45 pm, Officer Eliasen ("Defendant Eliasen") approached Plaintiff and identified himself as a Glassboro police officer. Defendant Eliasen directed Plaintiff to get onto the ground. Pl.'s Mot. in Opp'n ¶ 1–2. Around the same time, Officer Visceglia ("Defendant Visceglia") arrived at the park in his police vehicle with a K-9 dog officer and exited his vehicle. Pl.'s Am. Compl. ¶¶ 15, 20. Plaintiff

alleged that Defendant Eliasen climbed on top of him, choked him, sprayed him with pepper spray, and handcuffed him, and that Defendant Viscenglia threatened to unleash the K-9 dog officer on him. Pl.'s Am. Compl. ¶¶ 15–22. Plaintiff also alleged that Defendant Eliasen and/or Defendant Viscenglia slammed his head into the police vehicle multiple times. Pl.'s Am. Compl. ¶¶ 23–25. As a result of this incident, Plaintiff was charged with resisting arrest, obstruction of administration of law, criminal mischief, and trespassing in a park after dark. Pl.'s Mot. in Opp'n ¶ 5. All charges against Plaintiff were dismissed on July 28, 2016. Pl.'s Am. Compl. ¶ 42.

Plaintiff filed a complaint on April 4, 2017 against Defendant Eliasen, the Borough of Glassboro, and various unknown persons. See Pl.'s Mot. for Leave to Amend. He subsequently amended his compliant on January 27, 2018, naming as Defendants Eliasen, Viscenglia, the Borough of Glassboro, Robert Highly, and Alex Fanfarillo. Pl.'s Am. Compl. In his Amended Complaint, Plaintiff alleged state law claims of malicious prosecution; false arrest; false imprisonment; excessive force and assault; failure to supervise, train, adopt needed policy; failure to intervene; and a request for punitive damages. *Id.* He did not file a Tort Claim Notice or a motion for leave to file a late notice of claim with Glassboro Borough. Plaintiff's Mot. in Opp'n ¶ 8.

Defendants filed an answer to Plaintiff's amended complaint on February 15, 2018 and have now moved for judgment on the pleadings dismissing all of Plaintiff's state law claims.

## II. LEGAL STANDARD

### 1. Rule 12(c) Standard

Under Fed. R. Civ. P. 12(c), a court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(c); *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir.

2008). The standard governing a Rule 12(c) motion is the same as the one governing a motion to dismiss under Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

The Court must accept the nonmoving party's well-pleaded factual allegations as true and construe those allegations in the light most favorable to the nonmoving party, *see Phillips v. Cnty. of Alleghe*ny, 515 F.3d 224, 233 (3d Cir. 2008), but will disregard any unsupported conclusory statements. *See DiCarlo*, 530 F.3d at 260 (incorporating by reference district court's analysis at *DiCarlo v. St. Mary's Hosp.*, No. 05-1665, 2006 WL 2038498, at *7 (D.N.J. July 19, 2006)). *See also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) ("Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.") (internal quotation marks omitted).

The Third Circuit uses a three-step process to determine the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (citing *Ashcroft v. Iqbal*, 566 U.S. 622, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (citing *Iqbal*, 566 U.S. at 679). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (citing *Iqbal*, 566 U.S. at 679).

As with a Rule 12(b)(6) motion, the court in deciding a Rule 12(c) motion generally does not consider matters outside the pleadings. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004). The court, however, may consider matters of public record, orders and exhibits

attached to the complaint. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

2. **New Jersey Tort Claims Act**

The sovereign immunity doctrine precludes a plaintiff from suing the State without its consent. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). The New Jersey Tort Claims Act (NJTCA) provides for limited circumstances under which a plaintiff may bring a tort claim against public entities and public employees. *See* N.J. Stat. Ann. 59:1-1 *et seq*. Generally, "[e]xcept as otherwise provided by [the NJTCA], a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." N.J. Stat. Ann. 59:2–1(a). Under one such exception, "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J. Stat. Ann. 59:2–2(a). If a public employee "acts in good faith in the execution or enforcement of any law," the employee is not liable. N.J. Stat. Ann. 59:3–3.

Before filing a complaint, a plaintiff must submit a notice of claim to the public entity within ninety days of the claim's accrual and must file suit within two years after the claim's accrual. N.J. Stat. Ann. 59:8–8(a–b). If a plaintiff fails to file notice of his claim with the public entity within ninety days, the plaintiff may, at the court's discretion, be permitted to file notice at any time within one year after the claim's accrual so long as the delay has not substantially prejudiced the public entity or public employee. N.J. Stat. Ann. 59:8–9. The notice must include the name of the public entity and the name of the employee or employees causing the injury, if known. N.J. Stat. Ann. 59:8–4(e). Notice to the public entity is a necessary condition precedent

to file a complaint against the public entity. *See Beauchamp v. Amedio*, 751 A.2d 1047, 1053 (N.J. 2000).

3. **New Jersey Civil Rights Act**

The New Jersey Civil Rights Act ("NJCRA") was modeled after 42 U.S.C. § 1983 and creates a private cause of action for violations of civil rights secured under either the United States or New Jersey Constitutions. *Slinger v. New Jersey*, No. 07–5561, 2008 WL 4126181, at *5–6 (D.N.J. Sept. 4, 2008), *rev'd on other grounds*, 366 F. App'x 357 (3d Cir. 2010); *Armstrong v. Sherman*, No. 09–716, 2010 WL 2483911, at *5 (D.N.J. June 4, 2010). The NJCRA provides, in pertinent part, a private cause of action for

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law ....

N.J. Stat. Ann. 10:6–2(c). Consistent with this language, courts in New Jersey have consistently looked at claims under the NJCRA "through the lens of § 1983." *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–44 (D.N.J. 2011); *Chapman v. New Jersey*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart . . . ."); *Armstrong*, 2010 WL 2483911, at *5 ("[T]he New Jersey Civil Rights Act is a kind of analog to section 1983 . . . .").

New Jersey courts have determined that claims under the NJCRA are not subject to the NJTCA's procedural requirements, including its "notice-of-claim" provision. *See Owens v. Feigin*, 947 A.2d 653, 656 (N.J. 2008). The Third Circuit and this Court have also held that the NJTCA is inapplicable to constitutional claims and claims brought under the NJCRA. *See County Concrete Corp. v. Twp. Of Roxbury*, 442 F.3d 159, 174 (3d Cir. 2006) ("The NJTCA

does not apply to federal and state constitutional claims because a state statute may not abrogate and individual's constitutional rights."); *Ingram v. Twp. Of Deptford*, 911 F. Supp. 2d 289, 299 (D.N.J. 2012) (holding that the NJTCA is inapplicable to constitutional claims brought under the NJCRA); *Baklayan v. Ortiz*, No. 11–3943, 2012 WL 1150842, at *3 n.3 (D.N.J. Apr. 5, 2012) ("The [TCA] does not apply to statutory claims under the [NJCRA].").

### III. DISCUSSION

Defendants argue that Plaintiff's common law claims of malicious prosecution, false arrest, false imprisonment, assault, "failure to supervise, train, adopt needed policy," and failure to intervene are barred by Plaintiff's failure to file Notice of Claim with Defendant pursuant to N.J. STAT. ANN. 59:8-8. As explained further below, all but one of these claims require notice to public entities pursuant to the NJTCA. Because the failure to intervene claim is a constitutional tort, it is not subject to the notice requirements of the NJTCA.

#### 1. State Tort Claims Subject to the NJTCA

The District Court of New Jersey has interpreted the NJTCA to govern common law claims against public entities for malicious prosecution, false imprisonment, and failure to train. In *Arnold v. New Jersey*, the district court held that the notice requirements of the NJTCA apply to malicious prosecution and false imprisonment claims. No. 03-3997, 2007 WL 1381757, at *18 (D.N.J. May 9, 2007). The *Arnold* court dismissed a state law claim of false imprisonment because the plaintiffs failed to timely serve the state defendants with a notice of claim as required by the NJTCA. *Id.* Because the malicious prosecution claim accrued at a later date than the false imprisonment claim, the court found that the plaintiff's notice of claim was timely and proceeded to consider the malicious prosecution claim. *Id.* at *17–18.

The district court has also held that the NJTCA governs claims against a public entity for failure to train. *See Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 306–07. In *Ewing,* the plaintiff brought, in part, a state law claim against Cumberland County and its Department of Corrections for failure to train its correctional officers. *Id.* at 302. The *Ewing* court held that the plaintiff's failure to train claim against Cumberland County was not precluded by the NJTCA. *Id.* at 306–07. The court further found that the plaintiffs state law claims were not barred by the plaintiff's failure to comply with the NJTCA notice requirement because the plaintiff substantially complied with the notice requirements, and equitable estoppel prohibited the defendant from raising failure to comply with the notice requirement as a defense. *Id.* at 298–99.

New Jersey State Courts have also barred claims for false arrest, assault, and failure to train where the plaintiff failed to comply with the NJTCA notice requirements. In *Bayer v. Twp. of Union*, the plaintiff filed a claim against township officials alleging, in part, false arrest for a bank robbery he did not commit. 997 A.2d 1118, 1123 (N.J. Super. Ct. App. Div. 2010). The New Jersey Appellate Division affirmed the trial court's denial of plaintiff's motion for leave to file a late notice of claim under the NJTCA, dismissing his NJTCA claims. *Id.* The New Jersey Supreme Court has also held that the NJTCA notice requirements are equally applicable to intentional torts. *Velez v. City of Jersey City*, 850 A.2d 1238, 1244 (N.J. 2004). In *Velez*, plaintiff filed an assault and battery common law tort claim against the City. *Id.* at 287. The court established that the plaintiff should have given notice of claim for assault and battery to the city pursuant to NJTCA. *Id.* at 296.

Plaintiff alleges various state tort claims in his Amended Complaint, including malicious prosecution (Count 1), false arrest (Count 2), false imprisonment (Count 3), assault (Count 4), and "failure to supervise, train, adopt needed policy" (Count 5). Pl.'s Am. Compl. Because

Federal and New Jersey Courts have found that claims for malicious prosecution, false arrest, false imprisonment, assault, and failure to train are subject to the NJTCA, Plaintiff was required to file a notice of claim with the Defendants pursuant to N.J. Stat. Ann. 59:8-8. Plaintiff failed to comply with this requirement, so these claims are barred.

### 2. Constitutional Tort Claim Not Subject to the NJTCA

The Third Circuit and the New Jersey Supreme Court have both established that the NJTCA notice requirements do not apply to federal or state constitutional torts. *County Concrete Corp.*, 442 F.3d at 174; *see also Owens*, 947 A.2d at 656. In *Owens*, the plaintiffs failed to file a notice of claim under the NJTCA on the medical examiner for an alleged civil rights violation. *Owens*, 947 A.2d at 654. The trial court dismissed plaintiff's claim against the medical examiner for failure to comply with the NJTCA notice requirements. *Id.* The New Jersey Supreme Court believed that, without any legislative intent to the contrary, the legislature did not choose to "condition the rectifying of an infringement on an individual's vital constitutional rights, or of injurious discriminatory conduct, on satisfaction of the [NJ]TCA's notice-of-claim requirement." *Id.* at 656. The *County Concrete Corp.* court further emphasized that, because a state statute cannot "abrogate an individual's constitutional rights," the NJTCA does not apply to federal and state constitutional claims. *County Concrete Corp.*, 442 F.3d at 175.

Cases involving claims for failure to intervene and other state common law torts do not subject the failure to intervene claim to the NJTCA requirements. *See, e.g., Ewing*, 152 F. Supp. 3d at 309 (analyzing failure to intervene under § 1983); *Coleman v. City of Long Branch*, No. 15-7314, 2018 WL 4027033, at *22, *36 (D.N.J. Aug. 22, 2018) (considering failure to intervene claim separately from state law claims subject to NJTCA); *Glover v. City of Jersey City*, No. 11-5731, 2012 WL 2086476, at *14, *21 (D.N.J. June 6, 2012) (same). In addition, no case law has

been found indicating or implying that a failure to intervene claim is subject to the NJTCA notice requirements.

In Count 6 of his Amended Complaint, Plaintiff claimed that Defendants Viscenglia and Eliasen "violated [Plaintiff's] rights when they failed to stop each other from exerting excessive force and failing to intervene and stop the civil rights violations." Pl.'s Am. Compl. ¶ 86. Plaintiff further alleges that police officers have a duty to protect citizens from police brutality under the Federal Constitution's Fourth, Eighth, and Fourteenth Amendments. *Id.* at ¶ 85. As in *Owens*, this count alleges civil rights violations. *See Owens*, 194 N.J. at 610. Because it also alleges constitutional violations, the NJTCA notice requirements should not apply. *See County Concrete*, 442 F.3d at 175. Thus, Plaintiff's claim for failure to intervene is not barred by his failure to comply with the NJTCA notice requirements.

## IV. CONCLUSION

Because malicious prosecution, false arrest, false imprisonment, failure to train, and assault are tort claims subject to the notice requirements of the NJTCA, failure to comply with the notice requirements bars those claims. But because a claim for failure to intervene is a constitutional tort, it is not subject to the NJTCA notice requirements and thus not barred by failure to comply with the NJTCA notice requirement.

For these reasons, this Court **GRANTS** Defendants' motion for partial judgment on the pleadings to Counts 1, 2, 3, 4, and 5, and **DENIES** Defendants' motion to Count 6.

Dated:   10/26/2018                                                                      s/ Robert B. Kugler
                                                                                                ROBERT B. KUGLER
                                                                                                 United States District Judge